WILLIAM J. EMERTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Emerton v. Commissioner
Docket No. 2342-70
United States Tax Court
T.C. Memo 1974-224; 1974 Tax Ct. Memo LEXIS 97; 33 T.C.M. (CCH) 994; T.C.M. (RIA) 74224; August 28, 1974, Filed. William J. Emerton, pro se. Lawrence G. Becker, for the respondent. JOHNSON MEMORANDUM FINDINGS OF FACT AND OPINION JOHNSTON, Commissioner: The respondent determined a deficiency in petitioner's Federal income tax for 1967 in the amount of $945.48. The issue for decision is whether petitioner is entitled to deduct certain expenses in the total amount of $2,760 for lodging, meals, laundry and cleaning as ordinary and necessary traveling expenses while away from home in pursuit of a trade or business under section 162(a) (2). [1]
FINDINGS OF FACT Some *98 of the facts have been stipulated and are so found. Petitioner was a resident of Duarte, California when he filed the petition herein. He filed his Federal income tax return, Form 1040, for the calendar year 1967 with the District Director of Internal Revenue at Las Vegas, Nevada. In 1967 petitioner was employed by Aerojet General Corporation as a field engineer working on nuclear engines. In that year beginning about February his post of duty was at Mercury, Nevada which was located on the Nevada Test Site, a United States Gunnery and Bombing Range used as a nuclear rocket development station by the Atomic Energy Commission (AEC). The site is approximatley 60,000 square miles in area and is located approximately 65 miles northwest of Las Vegas, Nevada, the nearest community affording residential accommodations. The AEC provided living accommodations in the form of a room and a bathroom shared jointly with an adjoining room to the petitioner at Mercury. His meals were taken in a dining hall operated by the AEC. He paid for meals as taken and for room accommodations by monthly check. The amounts claimed for lodging, meals, laundry, and cleaning are not in dispute. Petitioner *99 was first employed by Aerojet General Corporation in 1960 as quality control engineer at a plant in San Diego, California. He was then transferred to Sacramento, California as a senior test engineer where he lived and worked until reporting for duty at Mercury. In 1965, petitioner was divorced; subsequent to his divorce he moved to an apartment. Aerojet General Corporation received a government contract to test three nuclear rocket engines at Jackass Flats on the Nevada Test Site. Petitioner requested assignment to the project because he had been working on a nuclear engine in Sacramento and was interested in working in the test program. Petitioner's request was granted and he closed up his apartment and traveled to Nevada. After spending several days in Las Vegas until accommodations were available at Mercury he moved there and continued to reside at Mercury until September 27, 1969 when he was transferred back to Sacramento. His employer's personnel records show that his transfer to the test site was "semi-permanent" which was defined as permanent, depending upon funding and time petitioner's services would be needed. In 1967, after moving to Nevada, petitioner did not maintain *100 a residence or apartment elsewhere. He did make occasional trips back to Sacramento which he claims as his home to see his children. Petitioner in this case exhibited a misunderstanding of the reasons for the respondent's disallowance of the claimed expenses. He appeared to be under the impression that the disallowance was based on the respondent's refusal to follow the decision in (C.A. 9, 1962) and other similar cases. The respondent's position is that petitioner's transfer to Mercury from Sacramento was not temporary and if not permanent it was at least indefinite. And further, that while at Mercury he was not "away from home" within the meaning of section 162. We think the record supports the conclusion that petitioner's assignment to the test site was indefinite. Consequently, even if he had maintained an apartment or other residence in Sacramento he would not have been entitled to deduct the claimed expenses. . It is also clear the petitioner did not maintain a residence elsewhere while living at Mercury. This Court has pointed out on numerous occasions that the allowance *101 of "away-from-home-expense" is designed to mitigate the burden of the taxpayer who is required by his employment to maintain his home abode and to meet the living expenses of his temporary employment. . See also (C.A. 2, 1971). Petitioner did not have a "home" in the sense intended in section 162(a) (2). Therefore, we sustain the respondent's determination. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All section references are to be the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩